without stating the reasons. The order did not specify a period of 15 days "after service of a copy of the plaintiff's brief" within which the defendant should file his brief, as alleged in the motion and insisted upon by the appellant. It does not appear whether the intention was to allow only 15 days to each party for filing his brief, or whether both briefs should be filed within 30 days at the latest, or whether it was considered necessary to await the filing of the plaintiff's brief. The order is subject to either of these interpretations. Under the circumstances we find no sufficient reason for a reversal in the fact that the court waited 9 days after the filing of plaintiff's brief and more than two months and a half after the trial before rendering judgment.

The plaintiff is also bound by his own acts in taking the initiative to secure a modification of the order and in offering a new arrangement, and the judgment must be based on the number of tons delivered under the new agreement and not the number specified in the original order, and as modified affirmed.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

---

DÍAZ, APPELLANT, *v.* GAFARELE, APPELLEE.

District Court of San Juan, Section Two.

No. 2645.—Decided November 20, 1922.

This is an action for divorce on the ground of cruel treatment and serious injury consisting in repeated insults offered to the husband by the wife, which made marital life impossible. The answer denied the allegations and the evidence at the trial being contradictory, the court adjusted the conflict against the plaintiff and dismissed the complaint.

The evidence shows no error nor that the court acted

with passion, prejudice or partiality in weighing it. The motion of the appellee for dismissal of the appeal need not be ruled on inasmuch as the judgment is hereby affirmed.

Mr. Chief Justice Del Toro delivered the opinion of the court.

León, Appellant, *v.* Rodríguez, Appellee.

District Court of Ponce.

No. 2810.—Decided December 11, 1922.

In this action for the annulment of a deed of purchase and sale the plaintiff alleged that she was the owner of a certain urban property in Ponce and although there was a deed of sale of the said house to the defendant, the fact is that the sale was never consummated and that the deed was fraudulent. After trial the court gave judgment against the plaintiff. The only question in this appeal is the weighing of the evidence by the trial court and upon a review of it we have not found passion, prejudice or partiality or substantial error and, therefore, the decision of the trial judge is accepted by this court. The judgment is affirmed.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Girón, Appellant, *v.* Heirs of Serrallés, Appellees.

District Court of Ponce.

No. 2582.—Decided December 21, 1922.

The questions raised in this case go to the weighing of the evidence.

We have examined the record in the light of the reasonings contained in the briefs and we find no such manifest error in the findings or judgment of the court below as to require a reversal.